WATSON, Judge.
This suit originated as a suit on a promissory note filed by plaintiff, Central Louisiana Bank & Trust Company, against defendants, Johnnie A. Sellers and Dena D. Sellers, claiming a balance of $927.36 plus interest and attorney’s fees. A default judgment in favor of the bank was signed on February 2, 1979.
On March 6, 1979, Horace and Leon Le-moine, doing business as Lemoine & Son Lumber Company, filed a pleading which is styled “Petition for Intervention and Appeal.” The intervenors-appellants alleged that the default judgment by the bank was recorded in the mortgage records-of Avo-yelles Parish prior to the judgment becoming executory; that, on February 2, 1979, the Sellers sold, by cash deed with guaranty of title, a certain piece of immovable property to appellants; that the sale from the Sellers to the Lemoines was recorded on *470 February 6, 1979; that the bank has now demanded that the appellants pay the amount of the judgment (apparently under threat of execution against the property purchased); that the default judgment was obtained without legal and sufficient proof; that appellants have an interest, which entitles them to intervene in the suit; and that they desire to appeal suspensively from the judgment in favor of the bank against Mr. and Mrs. Sellers.
An order was entered allowing the intervention and suspensive appeal conditioned on filing of an appropriate bond. The bond was filed and the appeal is now pending in this court. Mr. and Mrs. Sellers have not appealed.
The Lemoines rely on LSA-C.C.P. art. 2086, which provides as follows:
“A person who could have intervened' in the trial court may appeal, whether or not any other appeal has been, taken.”
However, section (b) of the Official Revision Comments concerning Article 2086 points out that intervention by a third party is governed by LSA-C.C.P. art. 1091, and:
“Art. 1091, supra, requires that there be connexity between the intervention and the main case, and furnishes the criterion for determining the right of appeal of third persons under the above article [2086].”
LSA-C.C.P. art. 1091 states:
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff’s demand; or
(3) Opposing both plaintiff and defendant.”
While the terms of Article 1091 are exceedingly broad, they do not extend to the situation here. The Lemoines did not have an interest in the trial court action by the bank against the Sellers, which was simply a demand for money due on a promissory note. Only on the day judgment was rendered on the promissory note did the Le-moines enter the picture by their purchase from Mr. and Mrs. Sellers. Prior to judgment, they could not have intervened to adopt any of the legal positions described in Article 1091: (1) they could not have joined with the plaintiff bank in its claim against the Sellers because they had no interest in the promissory note; (2) they could not have united with the Sellers against the bank because the bank was not demanding any form of judgment against the Lemoines and, at that juncture, the Lemoines had no interest in the property owned by the Sellers; and finally (3) for the reasons already listed, the Lemoines could not have opposed both plaintiff and defendant.
Thus, while on the surface it might appear that the Lemoines could appeal to this court, a close analysis of the statutory provisions reflects clearly that they had no status to intervene and thus, have no right of appeal.[1]
The appeal, therefore, is dismissed.
Costs are taxed to appellants.
APPEAL DISMISSED.

. We do not rule on the evidentiary problems presented concerning the default judgment.